```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEPHANIE BUCHEL, : | |
| : | Civil Action No. |
| Plaintiff, : | 10-cv-1079 (NLH)(KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| OPTION ONE MORTGAGE CORP., : | |
| : | |
| Defendant. : | |

**APPEARANCES:**

Stephanie Buchel
43 William Feather Drive
Voorhees, N.J. 08043
*Pro Se*

Michael Hanusek, Esquire
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive
Parsippany, N.J. 07054
*Attorney for Defendant Option One Mortgage Corp.*

**HILLMAN, District Judge**

Plaintiff, Stephanie Buchel, contests the foreclosure and sale of her property instigated by defendant, Option One Mortgage Corp. ("Option One"). Presently, she moves this Court to vacate the foreclosure sale ordered by the Superior Court of New Jersey. In response, Option One asks that this case be remanded to the Superior Court or, in the alternative, have summary judgment granted in its favor.

For the following reasons, Buchel's Motion to "Vacate the Foreclosure Sale" is denied. Further, Option One's Cross-motion

for Summary Judgment is granted.

**I.   JURISDICTION**

This Court has jurisdiction over plaintiff's federal claims, including her causes of action under the Truth In Lending Act (or, "TILA"), 15 U.S.C. § 1601 et seq., and the Home Ownership and Equity Protection Act (or, "HOEPA"), 15 U.S.C. § 1639 et seq., pursuant to 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.[1]

**II.  BACKGROUND**

In February 2007, Buchel executed to Option One a note in an amount in excess of $500,000 and a mortgage.  Eventually, Buchel defaulted on the note and mortgage, and Option One initiated a foreclosure action in the Superior Court of New Jersey, Chancery Division.  On or around February 15, 2008, a final judgment in foreclosure was entered.

Buchel filed for bankruptcy protection in May 2008, but several months later, the case was dismissed.  In November 2008,

---

[1] Option One contends that Buchel has failed to state a federal question as part of her self-styled "removal" and complaint and that, as a result, no basis for jurisdiction exists in this case. As such, Option One requests that this matter be remanded to state court. The Court agrees that Buchel's complaint is not a model of clarity, but she augmented that submission with her Motion to "Vacate the Foreclosure Sale." Reading those submissions together, the Court finds that Buchel, a pro se litigant, has articulated federal causes of action under federal statutory law, particularly the TILA and the HOEPA.

Buchel moved to vacate the final judgment in foreclosure, but her motion was denied.  Additionally, she was again denied bankruptcy protection.  Thereafter, she attempted, once more, to vacate the final judgment in foreclosure, to no avail.  On or around July 1, 2009, Option One acquired Buchel's mortgaged premises at a sheriff's sale.

Following the sale, the Superior Court denied Buchel's motion seeking reconsideration of the Court's refusal to vacate the foreclosure and her orders to show cause for a stay pending appeal.  Subsequently, Buchel filed a notice of removal of her eviction to the District Court.  In an order dated November 19, 2009, the Honorable Joseph E. Irenas remanded the eviction proceedings to the Superior Court and dismissed Buchel's action for lack of subject matter jurisdiction, specifically concluding that she failed to state a federal question.  In response, Buchel again filed for bankruptcy protection.  In January 2010, the Bankruptcy Court awarded Option One stay relief and prospective relief against Buchel.

On or around March 3, 2010, Buchel filed her current complaint, captioned as a "NOTICE OF REMOVAL AND FEDERAL STAY OF EVICTION PURSUANT TO 28 USC 1446(a)," with this Court.[2]  Buchel's

---

[2] Also around this time, Buchel's appeal of the Superior Court's judgment was dismissed by the Appellate Division of the Superior Court of New Jersey for her failure to timely file a brief.

3

"complaint" does not aver any facts or allegations apart from asserting the violation of constitutional rights, such as due process, and the Uniform Commercial Code.  Buchel, however, has since moved to vacate the foreclosure sale of her mortgaged property.[3]  As part of her motion, Buchel has elaborated on her claims, suggesting that Option One is not the proper party to foreclose on her property and, in contravention of federal and state law including the Truth In Lending Act, 15 U.S.C. § 1601 et seq., and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., acted in bad faith by failing to provide to Buchel certain notices and documentation necessary to execute the foreclosure on her property.  Buchel also mentions that the Superior Court lacked subject matter jurisdiction over the foreclosure and personal jurisdiction over her, and did not properly conduct discovery or otherwise direct Option One to furnish requisite documentation in furtherance of its foreclosure action.  Option One opposes Buchel's action and has cross-moved for remand or summary judgment against Buchel's case.

### III. DISCUSSION

#### A. Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and

---

[3] Despite their dubious titles, the Court construes Buchel's "removal" and motion to "vacate" together as an original complaint initiating and forming the basis for the current suit.

4

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and

5

affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

    **B.    Option One's Cross-motion for Remand or Summary Judgment**

The Court will first address Option One's Cross-motion for Remand or Summary Judgment, aware that its disposition may impact the Court's consideration of Buchel's Motion to "Vacate the Foreclosure Sale."

Option One argues that Buchel is essentially appealing adverse judgments from the state court foreclosure action to this Court and that, pursuant to the Rooker-Feldman doctrine, the Court cannot exercise jurisdiction over this matter.  Additionally, Option One asserts that the doctrines of res judicata and collateral estoppel preclude Buchel from relitigating claims and issues that were already litigated, or should have been litigated, before the Superior Court.  In support of its arguments, Option One points out that Buchel has repeatedly petitioned the Superior Court, and other judicial tribunals, to find in her favor and has never succeeded.

Buchel counters, and advances her own motion, by suggesting that Option One did not have standing to pursue the foreclosure action in the first instance.  Nor did the Superior Court, says

Buchel, have subject matter jurisdiction over the foreclosure action or personal jurisdiction over her. She also intimates that Option One did not act in good faith and thus ran afoul of federal and state statutory law. Underlying all of her claims, Buchel seems to argue that Option One had to provide certain notices or documentation, including a valid note and mortgage, in order to effectuate its foreclosure action, but failed to do so. The Superior Court, Buchel asserts, did not mandate discovery or the disclosure of the requisite documentation. Because of the defects and deficiencies in the Superior Court's proceedings, Buchel believes that the state court judgment, specifically the foreclosure, is void.[4]

### 1. **Rooker-Feldman Doctrine**

First, the Court will address Option One's Rooker-Feldman argument. "The Rooker-Feldman doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

---

[4] In her amended opposition to Option One's cross-motion, Buchel appears to opine that the certification presented by Option One's counsel in this case does not constitute evidence and cannot properly be considered by the Court. The Court disagrees and is not convinced that the case law cited by Buchel supports the exact proposition that she sets forth. Insofar as the certification provides factual and procedural clarity to a matter that otherwise lacks it, the Court may consider those sworn statements. Moreover, counsel's statements are supported by documentation that traces the history of the parties' legal disputes.

7

those judgments.'"  Barnes v. Domitrovich, 184 F. App'x 164, 165 (3d Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  More specifically, the Rooker-Feldman doctrine precludes a federal district court from exercising jurisdiction over a matter when four requirements are fulfilled:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complains of injuries caused by the state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great Western Mining & Mineral Co. v. Fox Rothschild, L.L.P., 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 284 (brackets omitted)).  It is uncontroverted that Buchel was the losing party before the Superior Court and that the court's final judgment was entered before this suit was filed.

   Though Buchel's arguments are not entirely clear, she seems to challenge the Superior Court's authority, or jurisdiction, to adjudicate the underlying matter of foreclosure and the manner in which it adjudicated the matter.  She argues that the Superior Court did not have subject matter jurisdiction over the foreclosure action or personal jurisdiction over Buchel herself.  The premise for the court's purported lack of jurisdiction appears to be Buchel's belief that Option One did not have standing to litigate the foreclosure action in the Superior

8

Court.  To the latter contention, Buchel states as part of her opposition that "the State Court erred when it did not consider 'STANDING' in its truest form."  (Pl. Amend. Opp. at 10).

Buchel's objections are inextricably intertwined with the Superior Court's judgment concerning the foreclosure on Buchel's property.  In other words, Buchel "'complains of injuries caused by the state-court judgments.'"  Great Western Mining & Mineral Co., 615 F.3d at 166 (quoting Exxon Mobil, 544 U.S. at 284 (brackets omitted)).  To address the Superior Court's jurisdiction and the propriety of a party's appearance in a proceeding before it is to ostensibly exercise appellate review over the state court, and to scrutinize the state court's decisions and the very authority upon which it grounded its adjudication.  See In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005) (holding that Rooker-Feldman doctrine bars plaintiff's due process challenge that the state court lacked personal jurisdiction over her).  A challenge to the Superior Court's jurisdiction and ability to hear a case is a direct challenge to the state court's judgment, or capacity to enter a final and binding judgment, and has nothing to do with any injuries caused by the defendant's actions antecedent to the state court's intervention.  See Great Western Mining & Mineral Co., 615 F.3d at 166-69 (explaining that Rooker-Feldman doctrine applies where the source of the plaintiff's injuries is the state court

9

judgment and the plaintiff is inviting the District Court to review and reject the state court judgment).

That this Court cannot question a state court's authority to hear a case is at least true when the attack on jurisdiction directly implicates the adversarial party's "standing," or right to enforce a legal agreement, and the merits of the case, as it does here.  Buchel's arguments seem to focus on (1) Option One's failure to produce certain notices and documentation that would demonstrate its entitlement to foreclose on the property, and (2) the Superior Court's refusal to examine the documentation or otherwise require its disclosure.  By its nature, Option One's entitlement to foreclose, including the authenticity and comprehensiveness of its documentation, was necessarily central to the Superior Court's decision concerning the foreclosure itself.  Therefore, Buchel impermissibly calls upon this Court to review and reject a state court judgment without presenting any compelling arguments or evidence to show how or why the Superior Court could not entertain the foreclosure action at issue.  In the end, whether Option One could foreclose on Buchel's property or whether any viable defenses should have thwarted the foreclosure, are matters that were properly subject to the Superior Court's judgment.  This Court cannot take up those

issues as part of a de facto appeal.[5]

Accordingly, to the extent that Buchel desires a re-examination of the Superior Court's decisions, and the attendant principles that enabled it to issue its decisions, the Rooker-Feldman doctrine precludes such a review under the circumstances, entrusting the New Jersey appellate courts as the proper venues for the pursuit of those claims. Consistent with this

---

[5] The Court recognizes that, under limited circumstances, a federal district court may hear a case when the state court's judgment in that case was voided by virtue of the state court's lack of jurisdiction to hear the matter in the first instance. See In re James, 940 F.2d 46, 52-53 (3d Cir. 1991). However, that authority entrusted to federal district courts is arguably circumscribed and available only in rare situations. See Lambert v. Blackwell, 387 F.3d 210, 240 n.25 (3d Cir. 2004) (distinguishing James by noting that in that case "we held that a federal court may vacate a state court decision when the state court acts in violation of the federal bankruptcy statute's automatic stay provisions" and, thus, "the state court's jurisdiction, or lack thereof, was a function of federal law (the federal bankruptcy statute)"); see also Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003) (acknowledging James and the proposition that "[f]ederal courts exercising bankruptcy jurisdiction have occasionally reviewed state court judgments where the state court lacked personal or subject matter jurisdiction," and noting that the "void ab initio Rooker-Feldman exception" is seemingly limited to bankruptcy cases).
  Moreover, even if the matter of jurisdiction in dispute here fell within the purview of that exception to the Rooker-Feldman doctrine, Buchel's jurisdictional claims appear to lack all merit, as stated above. It is unclear how or why Option One's failure to disclose documentation would strip the Superior Court of jurisdiction to hear a foreclosure action, a matter of law often resolved by state courts. Further, it seems apparent that the Superior Court would have personal jurisdiction over Buchel, who appears to have resided at the mortgaged property that is located within the same county as the state court. Without more, the Court simply cannot conclude that the Superior Court did not have jurisdiction and that its judgment is void ab initio.

conclusion, the Court grants summary judgment in favor of Option One.

### 2. Res Judicata and the Entire Controversy Doctrine

While the Court may not have jurisdiction to review Buchel's contestations against the Superior Court's decisions and its authority to pronounce them, it may hear any claims that Buchel articulates against Option One itself.  Along those lines, Buchel opines that Option One did not act in good faith when foreclosing on Buchel's property and failed to comply with certain federal and state procedures.  Though the Rooker-Feldman doctrine has no bearing on the Court's consideration of those claims, Option One aptly explains that the ultimate resolution of those claims hinge upon preclusion law.

In applying the principles of res judicata or claim preclusion, "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Balthazar v. Atl. City Med. Ctr., 137 F. App'x 482, 488 (3d Cir. 2005) (citation and internal quotation marks omitted); see Great Western Mining & Mineral Co., 615 F.3d at 170 (noting that "the federal court must give the same preclusive effect to a state-court judgment as another court of that State would give" (citation and internal quotation marks omitted)).  New Jersey's entire controversy doctrine, codified in New Jersey Civil

12

Practice Rule 4:30A provides:  "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . ."  N.J. Ct. R. 4:30A.  The claim preclusion element of the entire controversy doctrine is essentially tantamount to res judicata.  See McNeil v. Legislative Apportionment Comm'n of State, 828 A.2d 840, 858-59 (N.J. 2003); see also Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) ("New Jersey's Entire Controversy Doctrine and traditional res judicata principles are blood relatives.  The Entire Controversy Doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles.").  If anything, "[t]he entire controversy doctrine reaches more broadly than the 'same cause of action' requirement of traditional res judicata doctrine."  Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986).

    A party will be precluded from relitigating its claims in New Jersey if three fundamental elements are met: "(1) the final judgment in the prior action must be valid, final, and on the merits;(2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."  Balthazar, 137 F.

13

App'x at 489 (citing McNeil, 828 A.2d at 859); Watkins v. Resorts Int'l. Hotel & Casino, Inc., 591 A.2d 592, 599 (N.J. 1991). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." Watkins, 591 A.2d at 599; see Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927, 930 (3d Cir. 1991); Dowdell v. Univ. of Med. and Dentistry of N.J., 94 F. Supp. 2d 527, 534 (D.N.J. 2000); see also Mystic Isle Dev. Corp. v. Peskie & Nehmad, 662 A.2d 523, 530 (N.J. 1995) ("A plaintiff who fails to allow the trial court the opportunity to supervise the entire controversy risks losing the right to bring the claim later.").

The entire controversy doctrine serves three fundamental purposes: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995). Use of the doctrine, however, "is discretionary and clarification of the limits of the doctrine is best left to case-by-case determination." Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 662 A.2d 509, 513 (N.J. 1995); see Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999) ("As an equitable doctrine, [the entire controversy doctrine's]

14

application is flexible, with a case-by-case appreciation for fairness to the parties.").

While the entire controversy doctrine is applicable to foreclosure proceedings, it is somewhat narrowed by New Jersey Civil Practice Rule 4:64-5, which governs the joinder of claims in foreclosure. Rule 4:64-5 provides:

> Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees.

N.J. Ct. R. 4:64-5. Therefore, counterclaims in the foreclosure context are subject to the entire controversy doctrine only if they are "germane". Oliver v. Am. Home Mortg. Servicing, Inc., 2009 U.S. Dist. LEXIS 108522, at *8 (D.N.J. Nov. 19, 2009) (citing In re Mullarkey, 536 F.3d 215, 228 (3d Cir. 2008)).

To the extent that Buchel proffers any causes of action, under either federal or state law against Option One -- or, alternatively, to the extent that this Court could consider Buchel's challenges to Option One's standing -- those claims were germane to the foreclosure proceedings and are now barred by the doctrines of res judicata and entire controversy.

15

Unquestionably, the parties in this action are the same as those in the Superior Court proceedings. Likewise, all the facts, arguments, and claims presented in this case pertain to Buchel's contractual relationship with Option One and their reciprocal legal responsibilities, Buchel's mortgaged premises, and the foreclosure sale of those premises –- all of which were at the core of the foreclosure action before the Superior Court. The Superior Court ultimately entered a final judgment against Buchel in those proceedings. Therefore, Buchel should have advanced her current claims as part of the foreclosure action or her subsequent motions before the Superior Court, or in her previous action before this Court. See Oliver, 2009 U.S. Dist. LEXIS 108522 (holding that plaintiff's claims against mortgage lender are barred by the entire controversy doctrine because plaintiff should have pursued those claims during the foreclosure action in state court); Coleman v. Chase Home Fin., L.L.C., 2009 U.S. Dist. LEXIS 105601 (D.N.J. Nov. 10, 2009) (same). Had Buchel presented her claims to the Superior Court, and if those claims were meritorious, then the outcome of the foreclosure action may have been different. However, Buchel cannot now collaterally attack the Superior Court's decision in this Court.

Accordingly, Option One's Cross-motion for Summary Judgment is granted. Because the Court rules in Option One's favor and finds that no genuine issues of material fact exist in this case,

Buchel's Motion to "Vacate the Foreclosure Sale" is denied.

**IV.  CONCLUSION**

For the foregoing reasons, Buchel's Motion to "Vacate the Foreclosure Sale" is denied.  Further, Option One's Cross-motion for Summary Judgment is granted.  An Order consistent with this Opinion will be entered.


DATED: November 24, 2010           /s/ NOEL L. HILLMAN
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.